UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CORDELL R. VAUGHN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | No. 15-1241-JDT-egb |
| ) | |
| ) | |
| PERRY COUNTY, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

ORDER DENYING MOTIONS TO COMPEL DISCOVERY,
DISMISSING AMENDED COMPLAINT,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On September 25, 2015, the *pro se* prisoner Plaintiff, Cordell R. Vaughn ("Vaughn"), filed a complaint pursuant to 42 U.S.C. § 1983 accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court subsequently granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act, 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4) On August 4, 2016, the Court issued an order that, *inter alia,* dismissed Vaughn's complaint and granted leave to amend. (ECF No. 7.) Vaughn filed an amended complaint on September 12, 2016. (ECF No. 8.) The Clerk shall record Tommy Hickerson, former Sheriff of Perry County, Tennessee; Sergeant Robert Dilingham; and Deputy Nick Weems as additional

Defendants.  Defendants Hickerson, Dilingham and Weems are sued in their individual and official capacities.

## I. Amended Complaint

Vaughn's amended complaint largely repeats the allegations included in his original complaint; however, he clarifies the dates of the events in question.  Vaughn alleges that on February 17, 2005, he was removed from his house at 237 Pine Street in Linden, Tennessee, and taken to the hospital by EMTs.[1]  (ECF No. 8 ¶ 1, at 2.)  On the same date and time, Defendant Dillingham responded to call regarding a disturbance at 237 Pine Street.[2]  (Id. ¶ 2.)  Defendant Dilingham was notified there were shots recently fired from Vaughn's home and later learned there was a female on the ground in the backyard.[3]  (Id. ¶ 3.)  Defendant Weems searched Vaughn's residence and looked for anyone that was a potential threat to them.  (Id. ¶ 4.)  At that time, Defendants Dillingham and Weems seized various items of private property from Vaughn's residence.  (Id. ¶ 5.)

Vaughn states the property seized by the Defendants was "allegedly" entered and placed into the police station evidence locker as part of an ongoing investigation against

---

[1] In dismissing the original complaint, the Court construed the events as occurring on February 14, 2014, due to ambiguities in Vaughn's allegations.  Vaughn has clarified that these initial events took place in 2005.

[2] Vaughn states in the amended complaint that the disturbance was at 227 Pine Street (id.), but the next paragraph makes it is likely that he is talking about his own address at 237 Pine Street and that the reference to 227 is a typographical error (id. ¶ 3).

[3] The amended complaint seems to indicate the person was in the backyard of 237 Pine Street, but in a letter that Vaughn wrote to Defendant Hickerson in August 2014 he stated the person was "crawling on the grass outside the house of Denise and Anthon[y] Head (239 Pine Str.)."  (Ex. 3, ECF No. 8-4 at 2.)

Vaughn; however, he contends that not all the property was placed into the evidence locker. (*Id.* ¶¶ 6-7, at 3.) Vaughn alleges that other inmates, supervised by police officers, used his lawnmowers to cut the jail's lawn and that his grill was used by officers to cook for the police and jail employees. (*Id.* ¶ 7.)

The 2005 investigation against Vaughn resulted in charges being brought against him. (*Id.* ¶ 8.) However, on July 23, 2014, the charges for receiving stolen property were dismissed. (*Id.* ¶ 8; *see also* Ex. 3, ECF No. 8-4 at 2.) Thereafter, Vaughn contacted Defendant Hickerson by letter and asked for return of the seized property; he included an itemized list of the property. (*Id.*; *see also* Ex. 3, ECF No. 8-4 at 3-4.) Sheriff Hickerson responded by telling Vaughn that a large amount of the property seized from Vaughn's residence had been returned to its rightful owners. (Ex. 4, ECF No. 8-5 at 2.) Vaughn contacted Sheriff Hickerson a second time on May 14, 2015, informing him that Vaughn was the rightful owner of fourteen of the items that were reportedly returned to their rightful owners and that if Hickerson did not reply to the letter in a timely fashion Vaughn would take legal action. (Ex. 5, ECF No. 8-6 at 2.)

However, Vaughn alleges that the police did not return his lawnmowers, grills, and other property. (ECF No. 8 at ¶¶ 12-13, at 3.) He seeks the return of his property or reimbursement for his property in the amount of $2,149. (*Id.* at 4.)

II. Analysis

A.  Screening and Standard

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

3

>   (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
>   (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." *Hill*, 630 F.3d at 470 (citing *Neitzke v. Williams*, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, *Iqbal*, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. *Neitzke*, 490 U.S. at 327-28, 109 S. Ct. 1827.

*Id.* at 471.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants and prisoners are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)) (alteration in original); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th

5

Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B.     § 1983 Claim

Vaughn filed his complaint pursuant to actions under 42 U.S.C. § 1983. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Claims against the Defendants in their official capacities are construed as claims against Perry County, which is already a Defendant. For the same reasons stated in the

prior order, Vaughn does not sufficiently state a claim against Perry County. (ECF No. 8 at 5-8). Perry's conclusory allegations that Defendants did not follow policy are not allegations that the policies themselves are unconstitutional.

Claims for deprivation of property are not actionable under § 1983 if adequate state remedies are available to redress the deprivation. *See, e.g.*, *Parratt v. Taylor*, 451 U.S. 527 (1981), *partially overruled on other grounds by Daniels v. Williams,* 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517 (1984); *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985). "[T]he State of Tennessee does provide an adequate post-deprivation remedy for takings of property." *McMillan v. Fielding,* 136 F. App'x 818, 820 (6th Cir. 2005); *see also Brooks v. Dutton,* 751 F.2d 197, 199 (6th Cir. 1985). Plaintiff was entitled to sue the Defendants, or any other responsible person, in state court for the deprivation of his property.

Therefore, the amended complaint is subject to dismissal in its entirety for failure to state a claim on which relief may be granted.

## IV. Conclusion

The Court DISMISSES Vaughn's amended complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Vaughn's motions to compel discovery filed on November 17, 2016, and January 17, 2017, are DENIED as moot. (ECF Nos. 9 & 10.)[4]

---

[4] Because the Court had not ordered that process be served on any Defendant, Vaughn's attempts to obtain discovery were premature.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Plaintiff in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. *Id.* It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the Defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Plaintiff nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, 28 U.S.C. § 1915(a)-(b). Therefore, the Plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in *McGore* and § 1915(a)(2) by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

 s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE